## MORRISON *versus* KITTRIDGE.

In an action for breach of warranty, in the conveyance of land, the defendant, by his pleadings, *may* bring the title into question.

In such a suit, brought originally in the District Court, the plaintiff, if he prevail, is entitled to full costs, although the damage which he recovers, do not exceed twenty dollars; the court not being authorized to decide that

the action, within the meaning of Rev. Stat. chap. 151, sect. 13, "should" have been brought before a justice of the peace.

COVENANT BROKEN.

SHEPLEY, C. J. — The action was brought upon the covenants contained in a deed conveying real estate, which had been before conveyed in mortgage. The mortgagee had not taken possession, and the plaintiff had not paid any part of the debt secured by the mortgage. He recovered nominal damages only. The question presented is, whether he was entitled to recover full costs.

It is provided by statute, chap. 116, sect. 1, that justices of the peace shall have original and exclusive jurisdiction of all civil actions, wherein the debt or damages demanded do not exceed twenty dollars, excepting certain enumerated actions, "and all other actions, where the title to real estate, according to the pleading or brief statement filed in the case, by either party, may be in question."

The second section provides, that when the sum demanded does not exceed twenty dollars, in the excepted cases, a justice of the peace shall have jurisdiction concurrently with the District Court.

The third section provides, that when it shall appear in either of the ways before mentioned, that the title to real estate is concerned or brought in question, the case shall, at the request of either party, be removed to the District Court.

The action might therefore have been safely brought before a justice of the peace, with an *ad damnum* of twenty dollars or less, and if the defendant had denied the execution or validity of the mortgage by his plea or brief statement, it might have been removed to the District Court. The plaintiff must be considered to have known the facts, which would have made a *prima facie* case, and the law applicable to them ; and to have known, that he could at most recover only nominal damages. But with this knowledge, he had the election to bring his action before a justice of the peace, or in the District Court. He might have commenced his action in the

District Court with an *ad damnum* of less than twenty dollars, and have maintained it there.

It is provided by statute, chap. 151, sect. 13, if it shall appear on rendition of judgment in an action originally brought before the District Court, that the action should have been originally brought before a justice of the peace, the plaintiff shall not be entitled to recover for costs, more than one-quarter of the amount of debt or damage, so recovered.

The right to recover full costs does not therefore depend upon the amount recovered, or upon the fact that the title to real estate was concerned or brought into question, but upon the fact whether the action ought to have been originally brought before a justice of the peace.   The court cannot determine, that it ought to have been so brought, when it might at the election of the plaintiff have been originally brought in the District Court.     *The exceptions are sustained*

*and full costs allowed.*

*Morrison,* for the plaintiff.

*Rowe* and *Bartlett,* for defendant.